Receipt number AUSFCC-8262385

## THE UNITED STATES COURT OF FEDERAL CLAIMS

Civil Action No. __22-1553__ C

LINDA BORUFF, an individual;
TERESA FLOYD, an individual;

**CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiffs,

1. **VIOLATION OF OVERTIME PAY STATUTES AND REGULATIONS  (5 U.S.C. §§ 5542; 5543; 5 CFR § 550.111-114)**

v.

2. **VIOLATION OF NIGHTTIME PAY STATUTES AND REGULATIONS  (5 CFR § 550.121-122)**

UNITED STATES OF AMERICA,

Defendant.

3. **VIOLATION OF SUNDAY PAY STATUTES AND REGULATIONS  (5 CFR § 550.171-172)**

4. **VIOLATION OF HOLIDAY PAY STATUTES AND REGULATIONS  (5 CFR § 550.131-132)**

## **INTRODUCTION**

1.      This civil action is brought by employees of the United States of America ("United States" or "Defendant") who work as current and former civilian nurse practitioners for the Department of Defense and/or the Defense Health Agency (collectively "DOD").  Plaintiffs bring this action on behalf of themselves and all others similarly situated current and former civilian nurse practitioners employed by the DOD who have not received all overtime pay, nighttime pay, Sunday pay and/or holiday pay earned pursuant to 5 U.S.C. §§ 5542, 5543; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1)

(Tucker Act) and 28 U.S.C. § 2501.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## THE PARTIES

4.      Plaintiff Linda Boruff resides in North Carolina and at times relevant to this

action and within the statute of limitations was a nurse practitioner employed by the DOD at Fort

Bragg in North Carolina.

5.      Plaintiff Teresa Floyd resides in Tennessee and at all times relevant to this action

was and remains employed by the DOD as a nurse practitioner at Fort Campbell in Kentucky.

6.      At all relevant times, Plaintiffs and other class members were employed by the

DOD as nurse practitioners.

7.      Defendant and its involved agency are, and at all material times has been, a

"public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and §

203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596. Defendant

has acted with respect to the allegations made in this complaint principally though the DOD.  At

all relevant times, the agents, officers, and representatives of Defendant who took the actions at

issue were duly authorized by Defendant to take those actions, and thus, Defendant is ultimately

responsible for the unlawful actions alleged in this Complaint.

## PLAINTIFFS' ALLEGATIONS

8.      Plaintiff Boruff was hired by the DOD in or around approximately November

2017.  From approximately November 2017 through approximately March 2021, Plaintiff Boruff

worked as a nurse practitioner at Fort Bragg in North Carolina.  Plaintiff Boruff worked as a civilian nurse practitioner on a weekly basis during her time of employment with the DOD and during a relevant portion of the statute of limitations alleged herein.  Plaintiff Boruff experienced the violations alleged herein pursuant to 5 U.S.C. § 5542; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations.  During her employment with DOD, Plaintiff Boruff regularly and consistently was denied overtime pursuant to 5 U.S.C. § 5542; 5 CFR §§ 550.111-114, and estimates that she worked approximately 5-20  hours per week of unpaid overtime during portions of the statutory period alleged herein.  This work included time spent after hours in the Genesis patient portal ("Genesis") and Armed Forces Health Longitudinal Technology Application ("AHLTA") patient portal systems, following up on unfinished work during the day, among other tasks alleged generally below.  During her employment, Plaintiff Boruff complained to management about this unpaid, off-the-clock work, but management ignored her complaints and required off-the-clock work without pay or other compensation.

9.     Plaintiff Floyd was hired by the DOD in or around approximately February 2009. She worked as a nurse practitioner at Fort Campbell in Kentucky as a contractor from February 2009 until approximately April 2010, when she was transitioned to a permanent GS employee. From approximately April 2010 through the present, Plaintiff Floyd worked as a nurse practitioner at Fort Campbell in Kentucky.  Plaintiff Floyd worked as a civilian nurse practitioner on a weekly basis during her time of employment with the DOD and during a relevant portion of the statute of limitations alleged herein.  Plaintiff Floyd experienced the violations alleged herein pursuant to 5 U.S.C. § 5542; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations.  During her employment with DOD, Plaintiff Floyd regularly

and consistently was denied overtime pursuant to 5 U.S.C. § 5542; 5 CFR §§ 550.111-114, and estimates that she worked approximately 5-15 hours per week of unpaid overtime during portions of the statutory period alleged herein.  This work included time spent after hours in the Genesis patient portal ("Genesis") and Armed Forces Health Longitudinal Technology Application ("AHLTA") patient portal systems, following up on unfinished work during the day, among other tasks alleged generally below.  During her employment, Plaintiff Floyd complained to management about this unpaid, off-the-clock work, but management ignored her complaints and required off-the-clock work without pay or other compensation.

## GENERAL ALLEGATIONS

10.     Premium pay for employees covered by the General Schedule ("GS") is computed according to subchapter V of chapter 55 of Title 5 of the United States Code and 5 CFR part 550, subpart A.  Premium pay includes pay for overtime, nighttime work, Sunday pay or holiday pay. Premium pay also includes dollar value of earned hours for compensatory time off.

11.     Title 5 premium pay provisions, with the exception of overtime pay, cover both exempt and non-exempt GS employees.  Employees who are exempt under the FLSA are covered by Title 5 overtime rules.  Employees who are FLSA non-exempt are covered by the FLSA overtime provisions in 5 CFR § 551.

12.     Plaintiffs and the class of employees at issue in this proceeding are all exempt employees, and therefore, covered by the overtime rules set forth in Title 5.

13.     Exempt Title 5 GS employees earn overtime pay for work performed in excess of 8 hours in a single day or in excess of 40 hours in an administrative work week.  5 U.S.C. § 5542; 5 CFR § 550.111-114.

14.     An exempt GS employees who is regularly scheduled to perform overtime work, or who performs irregular or occasional overtime work, is paid either (1) one and one half times their hourly rate of pay (provided that their basic rate of pay does not exceed the minimum rate for GS-10) or (2) the great of one and one half times the GS-10 Step 1 rate or the employees hourly rate.  5 U.S.C. §§ 5542; 5543; 5 CFR § 550.111-114.

15.     Night time pay requires 10% extra pay for hours worked at night, as defined by regulation.  5 CFR § 550.121-122.

16.     Sunday pay requires 25% extra pay for hours worked on Sundays, as defined by regulation.  5 CFR § 550.171-172.

17.     Holiday pay requires an additional hour of pay for each hour worked on a federal holiday that is not in excess of 8 hours, as defined by regulation.  5 CFR § 550.131-132.

18.     Employees who work regularly scheduled overtime work are required to be paid for every minute of overtime worked.  5 CFR § 550.112.

19.     Employees who work irregular or occasional overtime work are paid in 15 minutes intervals, odd minutes rounded up or down to the nearest full fraction of an hour.  5 CFR § 550.112.

20.     Plaintiff and class members, during all relevant times alleged herein, worked beyond their tours of duty on a recurring and involuntary basis, in excess of 15 minutes per calendar day and in excess of 40 hours per week and/or 8 hours in a single day, performing necessary and critical patient care responding to and managing electronic health records.  This work was not irregular or occasional.  Rather, it was and remains continuous, consistent and regularly preformed work completed daily and/or weekly.

21.     The DOD uses electronic health record systems to manage, provide and track patient care.  Some of these systems include, but are not limited to, the Genesis patient portal ("Genesis") and Armed Forces Health Longitudinal Technology Application ("AHLTA") patient portal (the Genesis and AHLTA health records "Patient Portals" will be collectively referred to as "PP" herein).  The PPs are utilized, among other things, to manage patient care, including but not limited to, receiving orders from physicians and other health care providers.  Alerts and messages related to the PPs are issued to Plaintiffs and class members 24 hours, 7 days a week and often require immediate responses.

22.     The PPs allow providers to input, review and update all information connected to a specific patient.  In essence, PPs are the nerve center for all health related records, reports, notes and communications for DOD patients.  For example, providers utilize the PPs to manage and order medication, order lab reports, provide follow up instructions and patient notes, record patient specific issues to medications, order and review radiology reports and provide notes regarding patient care, diagnosis and discharge order.

23.     Plaintiffs and class members are provided by the DOD with individual accounts and passwords for the PPs.  These accounts and passwords provide individual access to the PPs. Each time Plaintiffs and class members login to the PPs, the system tracks and monitors the exact time they are in the system, including but not limited to dates and times within the system. The DOD is in possession, custody and/or control of all current and historical time data related to how long Plaintiffs and class members were utilizing the PP systems after their tours of duty during the relevant statutory period of this action.

24.    Plaintiffs and class members using the PPs receive alert notifications informing them that updated information has been made to the PPs regarding their patients.  View Alerts can be sent at any time during a 24 hour period, 7 days a week.

25.    Under DOD policies and procedures, as well as based upon their professional responsibilities to patient care, Plaintiffs and class members are required to timely manage and respond to alerts and messages.  To ignore these alerts and messages would jeopardize the health and safety of their patients and/or not meet nursing professional standards for acceptable patient care.

26.    Managing, responding to and/or otherwise utilizing the PP systems after tours of duty constitutes compensable work requiring additional pay pursuant to Title 5 rules and regulations, as well as DOD policies and procedures.

27.    The DOD does not prevent, lock and/or otherwise preclude Plaintiffs and class members from accessing the PPs when their tours of duty end.  Supervisors and other DOD personnel for Plaintiffs and class members are aware of and have direct knowledge that Plaintiffs and class members are accessing and/or otherwise utilizing the PP systems after hours, more than 15 minutes in a single day and after they have worked more than 8 hours in a single day and/or 40 hours in a given week.  Moreover, supervisors and other personnel understand and have direct knowledge that this work is required, necessary and must be completed to meet acceptable standards for DOD patient care.  If this work is not completed, Plaintiffs and class members risk subjecting significant harm, or even death, to their patients and placing themselves at risk of discipline and/or losing their professional licenses and/or subjecting the DOD to medical malpractice claims.  Plaintiffs and class members are often required to submit and/or respond to certain patient notes and records within a 48-72 hour time period.

28.    Additionally, the DOD has knowledge that nurse practitioners and are working overtime on a recurring and involuntary basis because supervisors and management know that employees are logging into the PPs after tours of duty are completed.  In addition, supervisors and management know that alerts and messages occur 24 hours a day and must be timely addressed.  DOD supervisors and management ordered and/or approved this required overtime work through expectation, requirement and/or inducement.  Nurse practitioners face discipline if patient notes are not responded within 48-72 hours and time sensitive alerts are not responded to immediately.  Nurse practitioners face constant pressure to complete tasks timely, and supervisors and management constantly pressure them to take on more responsibility yet complete such work without paying overtime.  There is both direct and indirect pressure placed on nurses by supervisors and management in that if they don't complete work within allotted tours of duty, then they are not meeting standards and performing subpar to peers, and will face disciplinary action.  These managerial pressures have lead nurse practitioners and to work off-the-clock overtime through expectation, requirement and/or inducement.

29.    On information and belief, administrators, supervisors and management receive annual bonuses based on operating hospitals and medical facilities within budget.  They are directly rewarded financially for economic efficiencies and staying within, or operating below, budget.  Accordingly, administrators, supervisors and management are incentivized to not pay additional overtime wages for required work because that would increase operating costs in excess of budgets amounts, thereby jeopardizing future annual bonuses.  Administrators, supervisors and managers place their financial interests ahead of Plaintiffs and class members and require off-the-clock work, which they know is necessary for patient care but not budgeted. These facts further establish that off-the-clock work is ordered and/or approved through

expectation, requirement and/or inducement because supervisors and managers know that work is required and necessary, but not within budget, and they require that work to be performed without pay or other compensation.

30.    Moreover, during the relevant statutory period of this action, there has been a shortage of nurses at the DOD, particularly during the Covid-19 pandemic.  Plaintiffs and class members have not been able to, and continue to be challenged, to complete all necessary and required patient work during their regularly scheduled tours of duty, including but not limited to utilizing the PP computerized systems.

31.    It is often the case that due to the number of patients assigned to Plaintiffs and class members that their primary focus during their standard tours of duty is direct patient care. Face to face appointments and/or telephone or remote patient interactions take priority. Accordingly, it is often impossible to input patient notes into the PP systems, as well as impossible to complete other paperwork, during normally scheduled tours of duty.  Because patient notes and paperwork is often required to be completed within 48-72 hours, Plaintiffs and class members are required to work off-the-clock in excess of 15 minutes, after working 8 hours in a day and/or 40 hours in a week, to finish this important and required work.  Supervisors, managers and other DOD employees have direct knowledge of this off-the-clock work, do not stop Plaintiffs and class members from completing these tasks, and in fact directly and/or indirectly require the completion of this necessary work on a regular and ongoing basis.

32.    At all times relevant to this action, the Defendant has willfully and intentionally failed and continues to willfully and intentionally fail to compensate Plaintiffs and class members with overtime pay pursuant to Title 5 or provide them with compensatory time off in lieu of pay for all hours worked and a recurring and involuntary basis for necessary and required

work related to utilization of the PP systems.  This uncompensated work was work performed is often in excess of 15 minutes in a single day, and often in excess of 8 hours in a single day and/or 40 hours in a single week.  Defendant's failure is continuing and ongoing.

33.     At all relevant times herein, Defendant's acts were willful, intentional and egregious.  Despite direct knowledge of these unlawful wage violations, Defendant has made no attempt to remedy, correct and/or otherwise implement new policies and procedures across the DOD applicable to Plaintiffs and class members to compensate them for this critical, necessary and required patient care.

34.     In addition to not providing overtime compensations to Plaintiffs and class members related to work utilizing the PP systems, some work done by class members occurred on Sunday, at night and/or on holidays.  Work performed during those days and/or times requires additional compensation pursuant to 5 CFR §§ 550.121-122; 550.131-132; 550.171-172.

35.     Many class members in fact worked many nighttime hours checking patient alerts and records as alleged herein.  Many DOD hospital facilities are staffed 24 hours a day, 7 days a week, requiring patient coverage at all times, including nighttime.  Because this nighttime pay was not compensated pursuant to 5 CFR § 550.121-122, Plaintiffs and the Class suffered substantial monetary loss, and continue to suffer such financial loss.

36.     Many class members in fact worked many Sundays checking patient alerts and records as alleged herein.  Many DOD hospital facilities are staffed 24 hours a day, 7 days a week, requiring patient coverage at all times, including weekends.  Because this Sunday pay was not compensated pursuant to 5 CFR § 550.171-172, Plaintiffs and the Class suffered substantial monetary loss, and continue to suffer such financial loss.

37.     Many class members in fact worked holidays checking patient alerts and records as alleged herein.  Many DOD hospital facilities are staffed 24 hours a day, 7 days a week, requiring patient coverage at all times, including holidays.  Because this holiday pay was not compensated pursuant to 5 CFR § 550.131-132, Plaintiffs and the Class suffered substantial monetary loss, and continue to suffer such financial loss.

38.     During the relevant statutory period, including but not limited to early 2020 through late 2021, DOD facilities were extremely busy due to the Covid-19 pandemic.  As a result, nurses were required to work long hours, well over their regularly scheduled tours of duties to provide necessary and required Covid-19 pandemic related patient care.  This additional work was often not paid and lasted well over 15 minutes in duration and occurred at least weekly and often daily throughout nearly all of 2020 and most of 2021.  Accordingly, the DOD willfully, deliberately and intentionally failed to pay its nurses overtime for additional, Covid-19 pandemic related hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) hours in a workday, or in excess of their daily work requirement at an overtime rate set forth in Title 5 or with compensatory time off.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs incorporate and references herein the allegations of Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Plaintiffs seek to represent the following Class:

Nationwide Class: All individuals employed as civilian nurse practitioners by the Department of Defense or Defense Health Agency who worked  more than 15 minutes in

a single day, after they worked more than 8 hours in a single day and/or 40 hours in a

given week, and who completed tasks in the Genesis patient portal ("Genesis") and

Armed Forces Health Longitudinal Technology Application ("AHLTA") patient portal

systems, and who were employed within six (6) years preceding the filing of the

Complaint and not paid in compliance with Title 5 overtime, nighttime, Sunday or

holiday pay statutes and regulations.

41.    This action is properly maintained as a class action under Rules 23(a) and 23(b) of

the Rules of the United States Court of Federal Claims ("RCFC").

42.    The Class is so numerous that joinder of all members as plaintiffs is

impracticable.  Plaintiff reasonably estimates that the pool of potential class members is in

excess of 1,000 present and former employees.

43.    There are common questions of law and fact that affect the members of the Class

and predominate over any questions affecting only individual members.  The primary legal and

factual questions that are common and predominate this case, include, but are not limited to the

following:

- Whether Defendant denied Plaintiff and the Class all wages owed, including but

    not limited to overtime to which they were entitled pursuant to 5 U.S.C §§ 5542;

    5543 and 5 CFR § 550.111-114;

- Whether Defendant required Plaintiff and the Class to work on a recurring and

    individual basis in excess of 15 minutes after having worked either 8 hours in a

    day and/or 40 hours in a week for work complete in the Genesis patient portal

    ("Genesis") and Armed Forces Health Longitudinal Technology Application

    ("AHLTA") patient portal systems;

- Whether Defendant's practices outlined above individually or collectively violated 5 U.S.C § 5542 and 5 CFR §§ 550.121-122; 550.131-132; 550.171-172;

- Whether Defendants' practices outlined above violated DOD and DHA policies and procedures;

- The effect upon and the extent of damages suffered by Plaintiff and the Class and the appropriate amount of compensation to which they are entitled.

44.    Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse to or in conflict with those of other members of the Class.

45.    Plaintiffs will fairly and adequately protect the interests of the Class. They have retained competent counsel experienced in class action litigation and in litigation involving pay statues.

46.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all plaintiffs is not practicable, and questions of law and fact common to all plaintiffs predominate over any questions affecting only each plaintiff. Each plaintiff has been damaged and is entitled to recovery by reason of Defendant's illegal and unlawful payments pursuant to Title 5 and/or DOD policies and regulations. The Defendant's wage payments to Plaintiffs and the Class have been based on uniform policies and procedures that apply equally to Plaintiffs and the Class. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system

47.    The nature of this action and the nature of the laws available to the Class make the class action format a particularly efficient and appropriate procedure to afford relief to the Class. Further, this case involves a large number of individual employees possessing claims with

common issues of law and fact.  If each employee were required to file an individual lawsuit, the

Defendant would necessarily gain an unconscionable advantage since it would be able to exploit

and overwhelm the limited resources of each individual plaintiff with its superior financial and

legal resources.  Requiring each class member to pursue an individual remedy would also

discourage the assertion of lawful claims by employees who would be disinclined to pursue an

action against their present and/or former employer for an appreciable and justifiable fear of

retaliation and permanent damage to their careers at present and/or subsequent employment.

Proof of a common practice or factual pattern, of which the Plaintiffs have experienced, is

representative of the Class mentioned herein and will establish the right of each of the members

of the class to recovery on the claims alleged herein.

## COUNT 1

### VIOLATION OF OVERTIME PAY STATUTES AND REGULATIONS

### 5 U.S.C §§ 5542, 5543 and 5 CFR § 550.111-114

### BY PLAINTIFF AND THE CLASS AGAINST DEPRATMENT OF DEFENSE AND DEFENSE HEALTH AGENCY

48.    Plaintiffs incorporate the allegations of Paragraphs 1 through 47 of the Complaint

as if fully set forth herein.

49.    Plaintiffs and the class of employees at issue in this proceeding are all exempt

employees, and therefore, covered by the overtime rules set forth in Title 5.

50.    Exempt Title 5 GS employees earn overtime pay for work performed in excess of

8 hours in a single day or in excess of 40 hours in an administrative work week.  5 U.S.C. §

5542; 5 CFR § 550.111-114.

51.    An exempt GS employees who is regularly scheduled to perform overtime work,

or who performs irregular or occasional overtime work, is paid either (1) one and one half times

their hourly rate of pay (provided that their basic rate of pay does not exceed the minimum rate for GS-10) or (2) the great of one and one half times the GS-10 Step 1 rate or the employees hourly rate.  5 U.S.C. § 5542; 5 U.S.C. § 5543; 5 CFR § 550.111-114.

52.    Employees who work regularly scheduled overtime work are required to be paid for every minute of overtime worked.  5 CFR § 550.112.

53.    Employees who work irregular or occasional overtime work are paid in 15 minutes intervals, odd minutes rounded up or down to the nearest full fraction of an hour.  5 CFR § 550.112.

54.    Defendant wrongfully, willfully, deliberately and intentionally failed to correctly pay Plaintiffs and the Class all money earned pursuant to 5 U.S.C. §§ 5542, 5543; 5 CFR § 550.111-114 and/or provided them with compensatory time off in lieu of pay for all hours worked on a recurring and involuntary basis for necessary and required work related to utilization of the PP systems.  This work includes, but is not limited to, managing and ordering medication, ordering lab reports, providing follow up instructions and writing patient notes, recording patient specific issues to medications, ordering and reviewing radiology reports and providing notes regarding patient care, diagnosis and discharge order.  This work was and remains continuous, consistent and regularly preformed work completed daily and/or weekly.

55.    Defendant wrongfully, willfully, deliberately and intentionally failed to pay its Title 5 nurse practitioners for these additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) hours in a workday, or in excess of their daily work requirement at an overtime rate as set forth in Title 5 or with compensatory time off.

56.    Defendant wrongfully, willfully, regularly and routinely informed Plaintiffs and the Class that work alleged herein related to electronic patient records and alters was required, necessary and critical to satisfactory patient care.

57.    Defendant's wrongful actions were intentional and willful, in part, because they were aware of these unlawful practices, but continue to engage in these unlawful actions all in violation of 5 U.S.C. §§ 5542, 5543; 5 CFR § 550.111-114 and/or DOD policies and regulations.

58.    Plaintiff and the Class have been financially damaged by Defendant's failure to pay all compensation due and are entitled to recover from Defendant all monies due, reasonable attorneys' fees and costs of this action pursuant to 5 U.S.C. § 5596.

## COUNT 2

### VIOLATION OF NIGHTTIME PAY STATUTES AND REGULATIONS

### 5 CFR § 550.121-122

### BY PLAINTIFFS AND THE CLASS AGAINST DEPRATMENT OF DEFENSE AND DEFENSE HEALTH AGENCY

59.    Plaintiffs incorporate the allegations of Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.    Plaintiffs and the class of employees at issue in this proceeding are all exempt employees, and therefore, covered by the overtime, nighttime, Sunday and holiday pay rules set forth in Title 5.

61.    Night time pay requires 10% extra pay for hours worked at night, as defined by regulation.  5 CFR § 550.121-122.

62.    Defendant wrongfully, willfully, deliberately and intentionally failed to correctly pay Plaintiff and the Class all nighttime money earned pursuant to 5 CFR § 550.121-122 and/or provided them with compensatory time off in lieu of pay for all hours worked on a recurring and

involuntary basis for necessary and required work related to utilization of the PP systems.  This work includes, but is not limited to, managing and ordering medication, ordering lab reports, providing follow up instructions and writing patient notes, recording patient specific issues to medications, ordering and reviewing radiology reports and providing notes regarding patient care, diagnosis and discharge order.  This work was and remains continuous, consistent and regularly preformed work completed daily and/or weekly.

63.     Defendant wrongfully, willfully, deliberately and intentionally failed to pay its Title 5 nurse practitioners nighttime pay for these additional hours worked on a recurring and involuntary basis.

64.     Defendant wrongfully, willfully, regularly and routinely informed Plaintiffs and the Class that work alleged herein related to electronic patient records and alters was required, necessary and critical to satisfactory patient care.

65.     Defendant's wrongful actions were intentional and willful, in part, because they were aware of these unlawful practices, but continue to engage in these unlawful actions all in violation of 5 CFR § 550.121-122 and/or DOD policies and regulations.

66.     Plaintiff and the Class have been financially damaged by Defendant's failure to pay all compensation due and are entitled to recover from Defendant all monies due, reasonable attorneys' fees and costs of this action pursuant to 5 U.S.C. § 5596.

///

///

## COUNT 3

**VIOLATION OF SUNDAY PAY STATUTES AND REGULATIONS**

**5 CFR § 550.171-172**

**BY PLAINTIFFS AND THE CLASS AGAINST DEPRATMENT OF DEFENSE AND DEFENSE HEALTH AGENCY**

67.     Plaintiffs incorporate the allegations of Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     Plaintiffs and the class of employees at issue in this proceeding are all exempt employees, and therefore, covered by the overtime, nighttime, Sunday and holiday pay rules set forth in Title 5.

69.     Sunday pay requires 25% extra pay for hours worked on Sundays, as defined by regulation.  5 CFR § 550.171-172.

70.     Defendant wrongfully, willfully, deliberately and intentionally failed to correctly pay Plaintiff and the Class all Sunday pay earned pursuant to 5 CFR § 550.171-172 and/or provided them with compensatory time off in lieu of pay for all hours worked on a recurring and involuntary basis for necessary and required work related to utilization of the PP systems.  This work includes, but is not limited to, managing and ordering medication, ordering lab reports, providing follow up instructions and writing patient notes, recording patient specific issues to medications, ordering and reviewing radiology reports and providing notes regarding patient care, diagnosis and discharge order.  This work was and remains continuous, consistent and regularly preformed work completed daily and/or weekly.

71.     Defendant wrongfully, willfully, deliberately and intentionally failed to pay its Title 5 nurse practitioners Sunday pay for these additional hours worked on a recurring and involuntary basis.

72.     Defendant wrongfully, willfully, regularly and routinely informed Plaintiffs and the Class that work alleged herein related to electronic patient records and alters was required, necessary and critical to satisfactory patient care.

73.     Defendant's wrongful actions were intentional and willful, in part, because they were aware of these unlawful practices, but continue to engage in these unlawful actions all in violation of 5 CFR § 550.171-172 and/or DOD policies and regulations.

74.     Plaintiff and the Class have been financially damaged by Defendant's failure to pay all compensation due and are entitled to recover from Defendant all monies due, reasonable attorneys' fees and costs of this action pursuant to 5 U.S.C. § 5596.

## COUNT 4

**VIOLATION OF HOLIDAY PAY STATUTES AND REGULATIONS**

**5 CFR § 550.131-132**

**BY PLAINTIFFS AND THE CLASS AGAINST DEPRATMENT OF DEFENSE AND DEFENSE HEALTH AGENCY**

75.     Plaintiffs incorporate the allegations of Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76.     Plaintiffs and the class of employees at issue in this proceeding are all exempt employees, and therefore, covered by the overtime, nighttime, Sunday and holiday pay rules set forth in Title 5.

77.     Holiday pay requires an additional hour of pay for each hour worked on a federal holiday that is not in excess of 8 hours, as defined by statute.  5 CFR § 550.131-132.

78.     Defendant wrongfully, willfully, deliberately and intentionally failed to correctly pay Plaintiff and the Class all holiday pay earned pursuant to 5 CFR § 550.131-132 and/or provided them with compensatory time off in lieu of pay for all hours worked on a recurring and

involuntary basis for necessary and required work related to utilization of the PP systems.  This work includes, but is not limited to, managing and ordering medication, ordering lab reports, providing follow up instructions and writing patient notes, recording patient specific issues to medications, ordering and reviewing radiology reports and providing notes regarding patient care, diagnosis and discharge order.  This work was and remains continuous, consistent and regularly preformed work completed daily and/or weekly.

79.     Defendant wrongfully, willfully, deliberately and intentionally failed to pay its Title 5 nurse practitioners holiday pay for these additional hours worked on a recurring and involuntary basis.

80.     Defendant wrongfully, willfully, regularly and routinely informed Plaintiffs and the Class that work alleged herein related to electronic patient records and alters was required, necessary and critical to satisfactory patient care.

81.     Defendant's wrongful actions were intentional and willful, in part, because they were aware of these unlawful practices, but continue to engage in these unlawful actions all in violation of 5 CFR § 550.131-132 and/or DOD policies and regulations.

82.     Plaintiff and the Class have been financially damaged by Defendant's failure to pay all compensation due and are entitled to recover from Defendant all monies due, reasonable attorneys' fees and costs of this action pursuant to 5 U.S.C. § 5596.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.    Certify this case as a class action pursuant to FCRC 23(a)(b), approve Plaintiffs as the class representatives, approve the undersigned attorneys as counsel for the Class, and require Defendant to issue notice of this action to all members of the Class;

B.    Declare that Defendant's conduct alleged herein to be in violation of Plaintiffs' rights under 5 U.S.C. §§ 5542; 5543; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations;

C.    Order Defendant to cease failing to comply with 5 U.S.C. §§ 5542; 5543; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations;

D.    Enter judgment against Defendant for all back pay due to Plaintiffs and the Class for all compensation due under 5 U.S.C. §§ 5542; 5543; 5 CFR §§ 550.111-114; 550.121-122; 550.131-132; 550.171-172 and DOD policies and regulations, 5 U.S.C. § 5596;

E.    Award Plaintiffs and the Class an adjustment for any negative State and Federal Income Tax consequences they may incur related to any award of any payment herein;

F.    Award Plaintiffs and the Class pre-judgment interest on any and all unpaid wages or other damages to which they may be entitled;

G.    Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

H.    Award reasonable attorneys' fees and the costs and disbursements of this action to be paid by Defendant to Plaintiffs' counsel under 5 U.S.C. § 5596, the Back Pay Act; and;

///

I.      Grant such further and other relief as this Court deems just and proper.


Respectfully submitted,

Michael Morrison, Esq.
ALEXANDER MORRISON + FEHR LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 394-0888 – Phone
(310) 394-0811 – Fax
Mmorrison@amfllp.com
Attorney of Record for Plaintiffs

Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Highway, Suite 2000
El Segundo, California 90245
(310) 335-2001 – Phone
(310) 364-5201 – Fax
jason@wukolaw.com
dimitri@wukolaw.com
Co-Counsel for Plaintiffs


Dated:  October 19, 2022

## **<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Rules of the United State Court of Federal Claims, Rule 4,

service of the Complaint on Defendant United States of America will be effectuate

by the Clerk of the Court.

October 19, 2022                              ALEXANDER MORRISON + FEHR LLP.


                                             **_/s/ Michael Morrison_**
                                             Michael Morrison
                                             1900 Avenue of the Stars, Suite 900
                                             Los Angeles, California 90067
                                             Attorneys for Plaintiffs